IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Kay Thames McMillion, | ) | C/A No. 5:19-cv-01440-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Andrew Saul, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended affirming the decision of the Commissioner of Social Security ("Commissioner"). ECF Nos. 17, 22. Having considered the parties' briefing and all relevant law, the Court OVERRULES Plaintiff's Objections and ADOPTS the Magistrate Judge's Report for the reasons that follow.

## **BACKGROUND**

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner's final decision denying her claim for Disability Insurance Benefits ("DIB"). Plaintiff filed her application for DIB on December 19, 2014, alleging disability beginning June 15, 2013 due to spondylosis, degenerative disc disease, bulging discs, osteoarthritis, carpal tunnel, fibromyalgia, and anxiety. (R. 48). Plaintiff's application was denied initially and on reconsideration. (R. 78, 83). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on April 26, 2018. The ALJ denied Plaintiff's application in a decision issued August 10,

1

2018.  (R. 15–27).  The Appeals Council denied Plaintiff's request for review on April 16, 2019, making the ALJ's denial the final decision of the Commissioner.  (R. 1–4).

Plaintiff filed suit in this Court on May 16, 2019.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling.  On June 16, 2020, Magistrate Judge Kaymani D. West issued her Report recommending that the decision of the Commissioner be affirmed.  ECF No. 17.  On June 30, 2020, Plaintiff filed Objections to the Report.  ECF No. 22.  The Commissioner did not file a response.  Plaintiff's Objections and the Magistrate Judge's Report are now before the Court.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the

2

Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

The single issue identified for review in Plaintiff's initial briefing was whether the ALJ's assessment of Plaintiff's subjective complaints of pain was supported by substantial evidence. ECF No. 11. The Magistrate Judge recommended that the Court affirm the Commissioner's decision because the ALJ applied the proper legal standards and her findings were supported by substantial evidence.

In evaluating a claimant's symptoms, the Commissioner considers "all available evidence from . . . medical sources and nonmedical sources" about how those symptoms affect the claimant. 20 C.F.R. § 416.929(c)(1). The applicable Ruling directs the ALJ to first "consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce [the] individual's symptoms," and then to "evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related

3

activities." SSR 16-3p, 2017 WL 5180304, at *3. The ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* at *10.

In her Objections, Plaintiff reprises her argument that the ALJ failed to properly explain how Plaintiff's allegations of pain were inconsistent with the medical evidence and other evidence of record.

### A. Consistency of Alleged Symptoms with Activities of Daily Living

Plaintiff first contends that the ALJ erred in finding Plaintiff's activities of daily living inconsistent with her complaints of disabling pain. She argues:

> [The ALJ's] limited analysis fails to consider that it was exactly Ms. McMillion's constricted and limited activities, including not working, which enabled her to obtain some "generally adequate" pain control at some times. This is exactly the shortcoming which required remand in *Mascio*.

ECF No. 22 at 2 (citing *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015)). Relatedly, Plaintiff contends that the ALJ failed to discuss her ability to perform work-related functions "for a full workday." *Id.* (quoting *Mascio*, 780 F.3d at 637), and that the ALJ's decision "fails to explain how Ms. McMillion's limited activities, done on her own schedule, and including breaks to rest [] are consistent with the ability to work eight hours a day, forty hours a week." *Id.* at 4.

Turning to the first point, Plaintiff's characterization of the alleged error as "exactly the shortcoming" requiring remand in *Mascio* is not entirely accurate.[1] Nevertheless,

---

[1] Remand was appropriate in *Mascio* because the ALJ "erred by not conducting a function-by-function analysis, by ignoring (without explanation) Mascio's moderate

4

there is certainly legal precedent for the proposition that minimal, inconsistent activities of daily living do not discredit a claimant's allegations of disabling pain.  In *Brown v. Commissioner SSA*, 873 F.3d 251, 269–70 (4th Cir. 2017), the court deemed the ALJ's analysis "insufficient" because the ALJ concluded that the claimant's reports of pain were inconsistent with his activities of daily living, but did not "acknowledge the limited extent of those activities" or "explain how those activities showed that he could sustain a full-time job."  *See also Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (holding that "minimal daily activities . . . do not establish that a person is capable of engaging in substantial physical activity"); *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) ("[T]he ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain.").

Here, however, the ALJ's finding of inconsistency between Plaintiff's activities and her allegations of disabling pain[2] was supported by substantial evidence.  The ALJ carefully and thoroughly summarized both Plaintiff's own testimony and the other evidence of record, and concluded:

> As to the claimant['s] allegations of physically disabling pain and limitations in walking, sitting, standing, and completing a routine work day, the medical evidence of record indicates that the claimant reported generally adequate control of her symptoms with use of medications and conservative treatment

---

limitation in her ability to maintain her concentration, persistence, or pace, and by determining Mascio's residual functional capacity before assessing her credibility."  780 F.3d at 633–34.  The opinion contains no discussion of Mascio's activities of daily living or of their alleged inconsistency with her subjective complaints.

[2] Because Plaintiff's briefing, both initially and at the objection stage, discusses only Plaintiff's symptoms of pain, the Court need not consider the ALJ's evaluation of any mental disorders or limitations except as they relate to Plaintiff's pain.  Upon review, however, the Court also finds that the ALJ sufficiently explained her determination of inconsistency with respect to Plaintiff's medication side effects, memory, concentration, understanding, fatigue, anxiety, and depression.  (*See* R. at 21–22).

> in the form of epidural injections as well as occasional physical therapy. The claimant's records show no presentations in acute distress or with elevated blood pressure; no disorientation; loss of memory; or difficulty with speech, factors which can provide some indication of potentially distracting or disabling pain. The claimant's limitation to sedentary exertion work accommodates waxing and waning evidence of antalgic gait and muscle spasm, as described below herein. Further, the claimant's evidence does not indicate that there was a medical need for an assistive device or that the claimant was recommended to undergo surgical intervention.

(R. 22). In addition, the ALJ addressed Plaintiff's activities of daily living more specifically as follows:

> [T]he claimant's activities of daily living indicate that her pain and alleged mental limitations/medication side effects were not as severe and limiting as alleged. In addition to the claimant's Function Report admissions and hearing testimony, discussed above herein, the claimant reported in August 2016 that she was the driver and caretaker for her mother who did live independently but "can't get around and [so the claimant] spends daily time and visits with her." The claimant testified that though her mother usually had hired assistance, she had to provide care when they were in between assistants. The claimant testified that her mother needed help with things like laundry, dressing, and bathing. Additionally, in August 2017 the claimant reported that "excessive walking and activity" made knee pain worse. She also alleged ankle swelling when "walking a lot." In March 2018 the claimant again alleged stress due to taking care of her mother.

(R. at 26).

While varying conclusions about Plaintiff's activities might reasonably have been reached, this Court cannot say that the ALJ's decision was unsupported by substantial evidence. Substantial evidence "means only [] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted), and the court "*must* affirm an ALJ's determination when supported by substantial evidence," *Mascio*, 780 F.3d at 640 (emphasis added) (citation omitted). The ALJ's analysis of Plaintiff's symptoms is more than sufficient to

6

meet this standard. Based on the quoted explanations, as well as the ample record evidence discussed in the ALJ's opinion, the Court finds sufficient factual basis for the ALJ's conclusions.

As to Plaintiff's objection that the ALJ did not address her ability to perform relevant functions "for a full workday," ECF No. 22 at 2, the Court finds it to be without merit. The ALJ's decision specifically addressed any limitations in Plaintiff's ability to "complet[e] a routine work day," and concluded that Plaintiff was not so limited as she alleged. (R. 22). *Cf. Mascio*, 780 F.3d at 637 ("although the ALJ concluded that Mascio can perform certain functions, he said nothing about Mascio's ability to perform them for a full workday"). In short, the ALJ considered Plaintiff's ability to complete a full workday and provided sufficient explanation of her determination to satisfy the applicable standard. The Court therefore finds no error in the ALJ's evaluation of Plaintiff's activities of daily living.

### B. Consistency of Alleged Symptoms with the Objective Medical Evidence

Next, Plaintiff objects that the ALJ erred by failing to adequately consider and weigh the objective medical evidence in evaluating Plaintiff's symptoms. This objection can be divided into two parts.

First, Plaintiff takes issue with the ALJ's alleged failure to reconcile medical evidence supportive of Plaintiff's claims of pain with her evaluation of Plaintiff's symptoms and overall RFC determination. In particular, Plaintiff argues that the ALJ "summarized" the following evidence but did not "explain [] why she gives it no weight at all": Plaintiff's nerve root compression at L5; grade 2 anterolithesis, bilateral spondylitic defects, and moderate lumbar spondylosis; cervical nerve root compression; antalgic gait; and "inadequate pain relief on multiple occasions." ECF No. 22 at 3. In her Report, the

Magistrate Judge found that the ALJ correctly followed the two-step process mandated by SSR 16-3p in evaluating Plaintiff' symptoms, but noted that no authority required the ALJ to "explain[] the 'weight' given to the objective evidence."  ECF No. 17 at 12 (quoting ECF No. 11 at 13).  Plaintiff clarifies, in her Objections, that the "supposedly missing 'authority requiring the ALJ' to explain the weight given to objective evidence" can be found in *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016).  ECF No. 22 at 3 (quoting ECF No. 17 at 12).  The cited passage does not mention "weight," but mandates "a discussion of which evidence the ALJ found credible and why."  ECF No. 22 at 3 (quoting *Monroe*, 826 F.3d at 189).

This Court agrees that the ALJ was obliged to engage in a discussion of all evidence of record and to explain her credibility determinations.  It is, moreover, well established that an ALJ must "satisfactorily explain" her decision not to rely on medical records that support the claimant's testimony.  *Monroe*, 826 F.3d at 189.  However, in this instance the Court finds no error.  There is no evidence that the ALJ ignored any of the pieces of medical evidence cited by Plaintiff.  In fact, both Plaintiff's antalgic gait and her treatment for pain relief were specifically addressed by the ALJ in evaluating Plaintiff's allegations of disabling pain and fashioning her RFC.  (R. 22).  In pertinent part, the ALJ found that "the claimant reported generally adequate control of her symptoms with use of medications and . . . epidural injections as well as occasional therapy," and that the "limitation to sedentary exertion work accommodates waxing and waning evidence of antalgic gait."  *Id*.  The remaining cited evidence, albeit more generally tied to the ultimate RFC determination, was included in the ALJ's seven-page RFC analysis.  The record does not reflect, moreover, that this evidence received "no weight."  The ALJ found at

8

Step Two of her analysis that Plaintiff's degenerative disc disease of the cervical and lumbar spines was a severe impairment (R. 18), and included in her RFC determination substantial physical limitations, including a restriction to "sedentary work," (R. 20). Notably, the ALJ's analysis also included extensive medical evidence of normal function and findings. There is no indication that the ALJ improperly "cherrypick[ed] facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)). Plaintiff cites no law requiring the ALJ to explicitly tie every single piece of medical evidence to her RFC determination, and this Court is aware of none. Taken as a whole, the ALJ's determination with respect to Plaintiff's medical records is supported by substantial evidence and contains sufficient reasoning to permit meaningful review.

Finally, Plaintiff argues that the ALJ insufficiently explained how the objective medical evidence discredited her subjective claims of pain, i.e., how it was inconsistent with Plaintiff's own allegations. ECF No. 22 at 3 (citing *Lewis*, 858 F.3d at 869). In particular, Plaintiff alleges that the ALJ failed to "explain[] why she finds the claimant's lack of memory problems or cognitive limitations, no acute distress and full orientation, somehow negate her pain." *Id.* at 4. In *Lewis*, the ALJ erred because he "did not indicate how the results he cited were relevant to the functional limitations Lewis suffered as a result of her chronic, non-exertional pain in her left shoulder." 858 F.3d at 869. For example, the ALJ did not explain how Lewis's ability to walk normally related to her shoulder pain. In *Monroe*, the court similarly found that the ALJ "did not explain why he

9

believed [pulmonary, respiratory, and cardiac test results] had any relevance to the question of what symptoms Monroe suffered from narcolepsy." 826 F.3d at 190.

The present case is distinguishable. Here, the ALJ discussed Plaintiff's "lack of memory problems or cognitive limitations, no acute distress[,] and full orientation," ECF No. 22 at 3, in reference to Plaintiff's mental functions such as memory, concentration, and understanding, not in reference to her physical pain. The relevance of Plaintiff's memory problems, cognitive limitations, distress, and general orientation to Plaintiff's mental functioning is clear. Likewise, in those instances where the ALJ evaluated Plaintiff's symptoms of physical pain, the nexus between the cited medical evidence and the ALJ's conclusions was either self-evident or clearly explained. (*E.g.*, R. 22 ("The claimant's records show no presentations in acute distress or with elevated blood pressure; no disorientation; loss of memory; or difficulty with speech, *factors which can provide some indication of potentially distracting or disabling pain.*") (emphasis added)). The Court finds no error in the ALJ's treatment of the objective medical evidence, and Plaintiff's objections are therefore overruled.

## CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the Report, **OVERRULES** Plaintiff's Objections, and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 27, 2020
Spartanburg, South Carolina

10